F. RUSSELL BEEBE AND JUNIUS BEEBE, EXECUTORS, ESTATE OF FREDERIC BEEBE, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15787. Promulgated March 22, 1929.

*Theodore Eaton, Esq.,* for the petitioners.
*Bruce A. Low, Esq.,* and *George S. Herr, Esq.,* for the respondent.

**OPINION.**

Love: From these meager facts, which are all that we are justified in finding from the record, the executors attempt to prove the issues. They assert that prior to his death, Frederic Beebe was the owner of

$8,000 par value of the bonds of the American Round Bale Press Co., and that such bonds stood at that value upon his personal books; that such company was adjudged bankrupt in 1915; and that in exchange for such bonds he received in that year 80 shares of the capital stock of the Southern Round Bale Press Co., a liquidating company whose shares had a par value of $1 each. Mention is made by counsel that Beebe also received "a certificate of deposit." The facts do not support the claimed loss in 1922 on the bonds of the American Round Bale Press Co. Statement of counsel can not supply the lack of competent evidence. The Commissioner is affirmed on this issue.

The only witness examined was Edward J. Woodworth, of Boston, a professional accountant who testified that he had been familiar with Frederic Beebe's accounts since 1917. Aside from the fact that the inception of these transactions was prior to 1915 and so must have been outside of the witness's personal knowledge, he testified that the only entry on Beebe's personal books was in connection with "the American Cotton Company, the original predecessor of the American Round Bale Press Company, that is the only entry in his personal books." Beyond this volunteered declaration no connection whatever was established between the American Cotton Co. and the American Round Bale Press Co. It was not shown how the witness knew that the American Cotton Co. was the original predecessor of the American Round Bale Press Co., nor was there any disclosure of the nature of the entry in connection with the American Cotton Co. or of the amount represented by such entry. It was shown by this witness that whatever entries there might be in connection with the American Round Bale Press Co. were on the books of L. Beebe & Co., a firm of which Frederic Beebe was the sole or principal owner. The witness said that he was familiar with those books, but they were not offered in evidence and were not available at the hearing and, on objection by counsel for the respondent, he was not permitted to testify in regard to such entries, if any.

Thus no proof has been offered of the nature or amount of the entry in connection with the American Cotton Co. on the personal books of Frederic Beebe; no connection has been shown between that company and the subsequent acquisition (admitted by the respondent) of the bonds of the American Round Bale Press Co. of the par value of $8,000; it has not been proved what was the cost of such bonds, or in what manner Beebe sustained a loss thereon when he received a liquidating dividend from the Southern Round Bale Press Co.

All that we know from the evidence is that in May, 1915, Frederic Beebe came into possession in some manner of 80 shares of the

capital stock of the Southern Round Bale Press Co. of the par value of $1 per share; that at different periods between that date and 1917 he received dividends totaling $800 upon such stock and that after his death in 1922, there was received in 1927 a final dissolution dividend of $1.78 per share.

With reference to petitioners' second allegation of error, a witness testified to an entry on the personal books of Beebe of " a charge to German marks and a credit to L. Beebe & Company for $1,250 for the purchase of 25,000 marks," and he said: " There was no entry made on the books subsequent to that." He testified further that after Beebe's death the estate received, in exchange for those 25,000 marks, 44,000 marks in bonds of the City of Berlin. The witness testified that his interpretation of the entry upon the personal books of Frederic Beebe was that L. Beebe & Co. bought 25,000 German marks for Beebe for $1,250, which was charged to his account, and that the witness had verified this from the books of L. Beebe & Co. The books of L. Beebe & Co. were not exhibited and there was some question as to the competency of this testimony, but for the purposes of this opinion its competency is not material. Later the witness testified that he had obtained from Stembridge, Nimms & Co., Boston brokers and dealers in foreign exchange, quotations on these bonds; that on February 13, 1922, " they were worth about $4 per thousand " and that " they were worth perhaps a dollar and one-half more at the present date." (Early in October, 1928.)

In *First National Bank of St. Paul*, 10 B. T. A. 32, and *Commonwealth Federal Savings Bank*, 13 B. T. A. 467, we have held with respect to investments, particularly corporate or Government bonds, that losses are suffered when the property becomes worthless or is disposed of. Petitioners made no disposition of the bonds and they were not worthless in the taxable year. The Commissioner is sustained on this issue. The decline in value does not give rise to a deductible loss. *W. P. Davis*, 6 B. T. A. 1267.

*Judgment will be entered for the respondent.*